# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAIʻI

AIMEE N. GREENWOOD, *et al.*,

Plaintiffs,

v.

ERIK P. FROST and KARIN A. FROST,

Defendants.

Case No. 19-cv-00137-DKW-RT

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AND (2) DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND**

On March 14, 2019, five individuals, proceeding pro se, filed a Complaint against Erik and Karin Frost (collectively, Defendants), principally asserting various employment-related claims. Dkt. No. 1. Defendants have moved to dismiss the Complaint with prejudice. Dkt. No. 18. While there is good reason for Defendants to have done so, because *some* of the Complaint's deficiencies may be correctable, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss and allows partial leave to amend the Complaint, as explained below.

## PROCEDURAL BACKGROUND

Plaintiffs are Aimee Greenwood, Alan DeCoite, Kimberly Rose, Samuel Hambek, and Claire Kellerman (collectively, Plaintiffs). They allege their former employment at Hoku Nui Maui, LLC (Hoku Nui), which appears to operate some

form of farm on Maui.  Hoku Nui, however, is not named, at least not in the caption of the Complaint, as a defendant in this case.   Instead, the named defendants appear to be Erik and Karin Frost, the alleged owners of Hoku Nui.

In the Complaint, Plaintiffs designate ten causes of action.   The majority of the claims are brought pursuant to Title VII of the Civil Rights Act of 1964 and Hawaiʻi Revised Statutes Section 378-2 for instances of alleged employment discrimination.   One claim is brought under Hawaiʻi Revised Statutes Section 328J-4 due to alleged exposure to second-hand smoking.   The remaining claims are brought under various federal statutes and/or regulations.   In addition, attached to the Complaint are various affidavits from each of the Plaintiffs.

On June 5, 2019, Defendants filed the instant motion to dismiss, which, out of "an abundance of caution," has also been filed by Hoku Nui.   Defendants move for dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), on numerous grounds, including, the failure to plead claims with the required specificity, the failure to adequately exhaust administrative remedies, and the lack of a cause of action against individuals such as the Defendants.   The motion to dismiss seeks dismissal of the Complaint with prejudice.   Attached to the motion, *inter alia*, is a Charge of Discrimination filed by Plaintiff DeCoite with the Hawaiʻi Civil Rights

Commission (HCRC) and the Equal Employment Opportunity Commission (EEOC).

A hearing on the motion to dismiss was set for September 20, 2019.   Dkt. No. 19.   Pursuant to Local Rule 7.2, this meant that a response in opposition was due on August 30, 2019.   That day came and went without any response to the motion to dismiss having been filed or at least nothing designated as such.   That remains the case.   Instead, in a letter dated August 31, 2019, one of the Plaintiffs, DeCoite, mailed a series of documents to the Magistrate Judge assigned to this case.[1] Dkt. No. 24.   The letter does not purport to be a response to the motion to dismiss, but, out of an abundance of caution, the Court liberally construed the foregoing as a *potential* response and permitted Defendants to file a reply.   Dkt. No. 25.   At the same time, the Court elected to decide the motion to dismiss without a hearing.   Dkt. No. 26.   On September 18, 2019, Defendants filed a reply.   Dkt. No. 27.   This Order now follows.

---

[1]So it is clear, unless specifically instructed, no party to this case may mail or otherwise send documents to the assigned Magistrate Judge or the undersigned.   All documents must instead be filed, either electronically or by delivering them to the Clerk's Office, on the docket of this case.

## STANDARD OF REVIEW

### I.    Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.* (citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2).   *Id.* at 679.

A court may consider certain documents attached to a complaint, as well as documents incorporated by reference in the complaint or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).

## II.     Pro Se Status

The Court liberally construes a pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In addition, a pro se litigant must still follow this Court's Local Rules and the Federal Rules of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

## DISCUSSION

### I.    Plaintiff DeCoite's Documents

While it is possible to liberally construe the documents DeCoite mailed on August 31, 2019 as a response to the motion to dismiss, as the Court did in allowing Defendants to reply, the documents do not directly respond to any of the legal arguments made in the motion.   Instead, as the letter prefacing the documents states, the documents are designed to support various statements of purported fact that are set forth in the letter.   To the extent these purported facts are contained within the Complaint, at this stage of proceedings, there is no need for a plaintiff to present supporting documents.   To the extent the purported facts are not contained within the Complaint, then the Court cannot consider the documents because, in reviewing the motion to dismiss, the Court is confined to the universe of facts alleged in the Complaint.   As a result, for present purposes, the Court does not further consider the documents from DeCoite.

Essentially, then, the motion to dismiss is unopposed.[2]   Nonetheless, the Court will review the substantive merits of the motion in order to determine whether Defendants, as the movants, are entitled to the relief they seek.[3]

---

[2]Other than DeCoite's August 31, 2019 submission, none of the other Plaintiffs have filed anything since the motion to dismiss was docketed.

[3]The Court notes that, in their reply to Plaintiff DeCoite's letter, Defendants argue that the Plaintiffs have "abandoned their claims" by failing to file an opposition to the motion to dismiss.

## II.    Review of the Complaint

As already mentioned, Defendants seek dismissal of the Complaint with prejudice.   While there are many claims in the Complaint that deserve dismissal without leave to amend, as discussed in more detail below, dismissal with prejudice of this entire case is not presently appropriate.   The Court addresses both the claims that may not be amended, and those that may, in turn.

### A.    Dismissal With Prejudice

First, in Count One, Plaintiffs appear to assert that they were all subjected to second-hand smoke in violation of HRS Section 328J-4.   Section 328J-4 prohibits smoking "in all enclosed or partially enclosed areas of places of employment." That is all, however, Section 328J-4 provides.   It does not provide for how an aggrieved person may seek enforcement of the smoking prohibition.   For that, one must consider the administrative regulations set forth at Haw. Code R. § 11-81-5(e). *See* Dkt. No. 18-1 at 5.   The regulations allow an aggrieved person to seek enforcement by way of injunctive relief in a competent court.   Nonetheless, as Defendants assert in their memorandum in support of the motion to dismiss, given

_____

Dkt. No. 27 at 3.   While the Court, at a future juncture, may be willing to accept such a proposition, for now, the Court is unwilling to find that Plaintiffs have abandoned all of their claims.   It may be, for instance, that Plaintiffs did not file an opposition because they did not believe Defendants had carried their burden.   As a result, the Court reviews the instant motion to dismiss on the merits.

that the Complaint alleges that none of the Plaintiffs presently work for Hoku Nui,

or intend to do so in the future, any request for injunctive relief would be moot.

*See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)

(concluding that a plaintiff lacked standing to sue for injunctive relief when she

was no longer an employee of the defendant and there was no indication in the

complaint that she wanted to return to the defendant's employ).   Therefore, to the

extent Count One seeks injunctive relief,[4] the claim is dismissed with prejudice.

Second, many of Plaintiffs' claims assert violations of Title VII, Section

378-2, and/or the Americans with Disabilities Act (ADA)–specifically, Counts

Two, Three, Four, Five, Six, and Seven.   As mentioned earlier, the Complaint

only clearly names as defendants two *individuals*, Erik and Karin Frost.   The

status of Hoku Nui in relation to this case is not clear.   While Hoku Nui is

arguably mentioned in the Complaint as a possible defendant (*see* Dkt. No. 1 at 2),

given the caption on the first page of the same where Hoku Nui is omitted, it is far

from clear whether Plaintiffs intend to name Hoku Nui as a defendant.   Neither

the parties nor the Court should have to guess.   While that potential deficiency, as

discussed more below, is correctable, including the individual defendants, with

respect to most of the claims brought under Title VII, Section 378-2, and the ADA,

---

[4]To the extent Count One seeks damages, the Court addresses that *infra*, at 15.

is not. This is because Title VII and the ADA do not allow for a cause of action against an individual. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-588 (9th Cir. 1993) (concluding that there is no individual liability under Title VII); *Link v. Rhodes*, 2006 WL 1348424, at \*5 (N.D. Cal. May 17, 2006) (dismissing with prejudice ADA claims brought against individual defendants because there is no individual liability under the ADA); *McClelland v. Nev. Dep't of Prisons*, 1994 WL 497545, at \*1-3 (D. Nev. Aug. 29, 1994) (explaining that, because the ADA adopts the remedy provisions of Title VII and the Ninth Circuit has concluded that individuals are not liable under Title VII, individuals are not liable under the ADA). In addition, the Hawaiʻi Supreme Court has determined that Section 378-2(a)(1) & (2) do not permit a cause of action against an individual. *Lales v. Wholesale Motors Co.*, 328 P.3d 341, 352-353 (Haw. 2014). Therefore, to the extent Counts Two, Three, Four, Five, Six, and Seven are brought against Erik and Karin Frost under Title VII, Section 378-2(a)(1) & (2), and/or the ADA, those claims are dismissed with prejudice.

Third, in a few instances, the Complaint cites federal statutes that are entirely irrelevant to the facts of this case. In particular, Count Six cites Section 1201 of Title 5, Count Eight cites Chapter 47 of Title 18,[5] and Count Ten cites

---

[5]Count Eight's citation form actually references Section 47 of Title 18, not Chapter 47. But Section 47 of Title 18 concerns the hunting of wild horses and burros by vehicle or plane, which

Section 1001 of Title 18.   Those statutory provisions concern matters involving or

within the jurisdiction of the federal government.   *See* 5 U.S.C. § 1201 (providing

for the appointment of members to the Merit Systems Protection Board); 18 U.S.C.

§ 1001 (criminalizing, *inter alia*, the making of materially false statements "within

the jurisdiction of the executive, legislative, or judicial branch of the Government

of the United States").[6]   Therefore, to the extent Counts Six, Eight, and Ten are

based upon the foregoing statutory provisions, those claims are dismissed with

prejudice.

Fourth, Count Seven is subject to dismissal with prejudice in toto.   Therein,

the Complaint appears to allege that Plaintiff Greenwood suffered "demeaning"

treatment and was not paid an equal wage in violation of Title VII and the Equal

Pay Act of 1963.   More specifically, it is alleged that Greenwood was

"demean[ed]" and paid less money compared to a "young female consultant" who

Erik Frost "liked" and called "[h]ot."   Both Title VII and the Equal Pay Act,

however, require some form of discrimination.   With respect to the Equal Pay

Act, there must be sex discrimination.   29 U.S.C. § 206(d)(1); *Hein v. Oregon

Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983) ("To make out a case under the

---

has no possible application here.   Chapter 47 concerns fraud, which is what the Court assumes
Plaintiffs wished to cite.
[6]The Court notes that Section 1001 is a part of Chapter 47 of Title 18.

Equal Pay Act, a plaintiff must prove that an employer is paying different wages to employees of the *opposite sex* for equal work.") (emphasis added).   With respect to Title VII, while discrimination may take various forms, given Greenwood's reliance on the Equal Pay Act, it appears that sex discrimination is the relevant form here.   *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination against any individual on the bases of race, color, religion, sex, or national origin).   The problem, therefore, is that Greenwood and the "young *female* consultant" are of the *same* sex.   As such, Greenwood cannot sustain an actionable Title VII or Equal Pay Act claim on the basis of the facts alleged in Count Seven, and that claim is, thus, dismissed with prejudice.[7]

Finally, Count Nine is also subject to dismissal with prejudice in toto.   The reason is straightforward: "HIPAA itself provides no private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081-82 (9th Cir. 2007). As a result, Count Nine, which alleges that a person who is not named as a defendant violated HIPAA, is dismissed with prejudice.[8]

---

[7]The Court notes that none of the other bases for discrimination under Title VII–race, color, religion, or national origin–are actionable either on the basis of the facts alleged in Count Seven.
[8]Similarly, although the Complaint is not clear, Plaintiffs may be attempting to assert that certain Occupational Safety and Health Act (OSHA) regulations were violated.   In particular, in Count Six, Plaintiffs may be attempting to allege that Defendants (or Hoku Nui) failed to provide potable drinking water.   *See* Dkt. No. 1 at 3; *see also* Dkt. No. 1-1 at 5-6.   To the extent Plaintiffs are attempting to bring an OSHA claim, like HIPAA, "OSHA violations do not themselves constitute a private cause of action for breach."   *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994).   Instead, "in private civil actions with a valid statutory or common law

Accordingly, to the extent set forth in the foregoing Section of this Order, the motion to dismiss is granted and the Complaint is dismissed without leave to amend.  This leaves those arguments from Defendants that can arguably be corrected by amending the Complaint.  The Court discusses those matters next.

## B.    Dismissal Without Prejudice and With Leave to Amend

As an initial matter, the fundamental deficiency with the Complaint is that it is not a short and plain statement of Plaintiffs' claims that can put a defendant on notice of the claims against which it, he, or she must defend.  The Complaint, thus, violates Rule 8(a) of the Federal Rules of Civil Procedure.  A few examples illustrate this issue.

To begin with, as has already been mentioned, the Complaint fails to properly identify whom is being sued in this case.  While the caption of the Complaint lists only Erik and Karin Frost, in a section dedicated to identifying the defendants, the Complaint places Erik Frost and Hoku Nui under the same line. *See* Dkt. No. 1 at 2.  It is, thus, unclear whether Plaintiffs intend to sue Hoku Nui, the entity, as a separate defendant in this action.  This is important because, as discussed earlier, whether Hoku Nui is a defendant could determine, at least at this

---

basis, the plaintiff may seek to introduce applicable OSHA standards to prove the duty owed to the plaintiff by the defendant." *Sevcik v. Unlimited Constr. Services, Inc.*, 2006 WL 1285013, at *3 (D. Haw. May 8, 2006).

juncture, whether many of Plaintiffs' claims may survive. Thus, in any amended complaint that may be filed, Plaintiffs must specifically state whether Hoku Nui is a defendant and, if so, which claims are being asserted against it.

In a similar vein, although the Complaint states that Karin Frost is a defendant to this action, very few (if any) of the allegations in the Complaint are directed toward her. Even if the Court were to consider the numerous affidavits attached to the Complaint, Ms. Frost's name is noticeably absent from any actionable allegations. Thus, in any amended complaint that may be filed, to the extent Plaintiffs intend to sue Karin Frost, Plaintiffs must allege facts attributable to Ms. Frost showing a plausible entitlement to relief against her.

Next, the Complaint is noticeably short on *factual* allegations for many of the claims asserted. For example, Count Three, in toto, states: "Discrimination (Title VII) against women in the workplace examples including women being ignored and dismissed. Plaintiffs affected Aimee Greenwood, Kimberly Rose, Claire Kellerman." Dkt. No. 1 at 3. This is an entirely inadequate factual recitation of any sex discrimination claim that Plaintiffs may be attempting to allege, given that the Complaint provides no *factual* detail surrounding the alleged ignoring and dismissals of Plaintiffs. Moreover, an unordained allegation that Plaintiffs were ignored does not amount to discrimination. *See Cornwell v.*

*Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (explaining that, to set forth a prima facie claim of discrimination under Title VII, an employee must allege (1) she is a member of a protected class, (2) she performed her job adequately, (3) she suffered an adverse employment action, and (4) she was treated differently than a similarly situated employee who was not a member of her protected class).

In this regard, it is also noticeable that the affidavits attached to the Complaint may contain further factual statements regarding some (or all) of the claims brought in the Complaint. Without putting together the jigsaw puzzle that would be required to match the statements in the affidavits with applicable claims in the Complaint, though, it is entirely impossible to tell. That is not the Court's obligation, nor the Defendants. Thus, in any amended complaint that may be filed, **<u>all</u>** factual allegations relevant to any of Plaintiffs' claims **<u>must be made in the amended complaint.</u>** Simply offering, as Plaintiffs have done so far, that "[t]he facts of this case are as follows see Exhibit 1 whistleblower claim and Exhibit 2 Notarized Affidavits and statements written by plaintiffs[,]" Dkt. No. 1 at 4, will not suffice.

Other than general pleading deficiencies in the Complaint, another principal concern, which is highlighted in the motion to dismiss, is the administrative

exhaustion (or lack thereof) of Plaintiffs' claims. In the Complaint, the administrative remedies that Plaintiffs pursued are mentioned but twice, and then only to state that Plaintiffs Kellerman and DeCoite filed a claim with the EEOC. *See id*. At this stage of proceedings, the issue of exhaustion is of varying levels of import. More specifically, while the Supreme Court has held that "the failure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable tolling[,]" the Ninth Circuit has held that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (emphasis in original). Here, Plaintiffs have failed to make any allegations related to whether they substantially complied with the presentment of their discrimination claims to the EEOC or HCRC or the results of any presentment. That may be because no substantial compliance has occurred, or because of oversight by Plaintiffs, or for some other reason. That omission must be remedied if Plaintiffs are to proceed with their corresponding claims.

In addition, in doing so, Plaintiffs must keep in mind the administrative *timeliness* of any presentment. Plaintiffs' employment claims are almost entirely

premised on either Title VII and/or Section 378-2. These statutory provisions dictate that a complaint be filed with an administrative agency within either 180 or 300 days from when an allegedly discriminatory act occurred. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); Haw. Rev. Stat. § 368-11(c) (Section 378-2). In the motion to dismiss, Defendants argue that Plaintiffs failed to comply with those deadlines and given when each Plaintiff's employment with Hoku Nui ended, Defendants further assert that timely presentment of an administrative claim now would be impossible. Defendants may be right. But there may be HCRC or EEOC claims out there from one or more of the Plaintiffs, of which neither the Court nor Defendants are presently aware. Plaintiffs should be afforded at least an opportunity to identify any such claim and perhaps include it as part of any amended complaint.[9]

---

[9]The referenced administrative claim deficiencies apply even as to Plaintiff DeCoite. That is because his December 19, 2018 EEOC claim (*see* Dkt. No. 18-3) states that the last date on which discrimination took place was July 15, 2017. *Id.* Given that the gap between these dates is more than 300 days (and certainly more than 180 days), the filing of DeCoite's administrative charge appears untimely. Nonetheless, the deadline to file a timely administrative charge is subject to equitable tolling. *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997). Thus, an amended complaint must allege facts (if any) showing that DeCoite is entitled to equitable tolling of Title VII's administrative filing deadline. Should an amended complaint fail to do so, to the extent DeCoite brings any claims under Title VII and/or Section 378-2, those claims may be dismissed without further leave to amend.

Another matter relied upon in the motion to dismiss is the asserted failure, at least by Plaintiff Kellerman, to bring her State law claims for alleged exposure to second-hand smoke within the two-year statute of limitations of Section 657-7. As Defendants assert, it appears that Kellerman's employment with Hoku Nui ended in October 2015. *See* Dkt. No. 1-5 at 2. Thus, at the latest, any exposure to second-hand smoke would have ended at that time, which is far more than two years before the initiation of this lawsuit in March 2019. Nonetheless, because the record does not reflect whether equitable tolling may apply, *see Office of Hawaiian Affairs v. State*, 133 P.3d 767, 789 (Haw. 2006) (describing requirements for equitable tolling under Hawaiʻi law), it is not absolutely clear no amendment can cure this defect. As a result, the Court will allow an opportunity to amend this claim as it pertains to Kellerman.[10]

Apart from the foregoing general pleading and timing deficiencies, there are also deficiencies specific to individual claims. For example, Count Two appears to be premised upon an alleged hostile work environment and/or sexual harassment. For such a claim, the hostility or harassment must be both subjectively and objectively hostile such that it is "sufficiently severe or pervasive

---

[10]The Court notes that, although Defendants do not make a similar argument as to Plaintiff Hambek, the record appears to reflect that his employment with Hoku Nui ended in August 2016, *see* Dkt. No. 1-6 at 2, which is also more than two years before the initiation of this lawsuit.

to alter the conditions of the victim's employment and create an abusive working environment." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004) (quotation omitted). Further, "[i]n evaluating the objective hostility of a work environment, the factors to be considered include the frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quotation omitted).

In this light, allegations in the Complaint that there were "inappropriate sexual comments," "dismissive and reductionist behavior," and "threats," in particular, without further factual detail, fall short of an actionable hostile work environment. Moreover, given that this claim (1) appears that it may be premised upon a sexually hostile work environment and (2) is asserted by "[a]ll" Plaintiffs, a group which is made up of males and females, it is not entirely clear how this claim can proceed under a theory of *discrimination*.

Next, Count Four alleges, *inter alia*, that Plaintiff DeCoite was "discriminated against for being a military veteran." To the extent Count Four is intended to assert an independent claim of veteran discrimination, in any amended complaint, Plaintiffs will need to provide the statutory basis for any such claim because Title VII and Section 378-2 – the stated bases for Count Four in the

Complaint – do not protect individuals from discrimination on the basis of their status as a veteran. *See* Haw. Rev. Stat. § 378-2(a) (protecting individuals from discrimination due to "race, sex including gender identity or expression, sexual orientation, age, religion, color, ancestry, disability, marital status, arrest and court record, reproductive health decision, or domestic or sexual violence victim status"); 42 U.S.C. § 2000e-2(a)(1).

Finally, Counts Eight and Ten, at least in part, appear to be premised upon alleged "[f]raud" related to, respectively, Plaintiffs Rose and Kellerman's terminations and overtime of "employees." As an initial matter, Count Ten is deficient because it does not allege that any of the *Plaintiffs* were subject to fraud related to their overtime. In addition, under the Federal Rules of Civil Procedure, a plaintiff "'must state with particularity the circumstances constituting fraud.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting Fed.R.Civ.P. 9(b)). In essence, this means that a plaintiff must allege "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id*. (quotation omitted). Here, the Complaint fails to provide the required particularity for any claim of fraud the Plaintiffs may be attempting to bring. Thus, to the extent Plaintiffs wish to

pursue a claim of fraud in any amended complaint, they must comply with the particularity requirement of Federal Rule of Civil Procedure 9(b).

Accordingly, to the extent the motion to dismiss seeks dismissal on the grounds discussed in the instant Section of this Order, the motion is GRANTED with leave to amend the Complaint.

## CONCLUSION

The motion to dismiss, Dkt. No. 18, is GRANTED IN PART and DENIED IN PART.   Specifically, the motion to dismiss is GRANTED to the extent that the following claims are DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND:

- Count One to the extent injunctive relief is sought;

- Count Two to the extent it is brought under Title VII and Section 378-2(a)(1) & (2) against Erik and Karin Frost;

- Count Three to the extent it is brought against Erik and Karin Frost;

- Count Four to the extent it is brought under Title VII and Section 378-2(a)(1) & (2) against Erik and Karin Frost;

- Count Five to the extent it is brought against Erik and Karin Frost;

- Count Six to the extent the claims are brought (a) under the ADA against Erik and Karin Frost or (b) under Section 1201 of Title 5;

- Count Seven;

- Count Eight to the extent it is brought under Chapter 47 of Title 18;

- Count Nine; and

- Count Ten to the extent it is brought under Section 1001 of Title 18.

The motion to dismiss is GRANTED as to all other claims, as delineated and discussed herein, albeit WITHOUT PREJUDICE and WITH LEAVE TO AMEND.   More specifically, Plaintiffs are granted leave to amend the claims brought in:

- Count One to the extent Plaintiffs seek *damages* for personal injury;

- Count Two to the extent that (a) the claims are brought against Hoku-Nui and (b) Plaintiffs seek relief against Erik and Karin Frost under Section 378-2 other than sections (a)(1) & (2);

- Count Three to the extent the claim is brought against Hoku-Nui;

- Count Four to the extent that (a) the claims are brought against Hoku-Nui and (b) Plaintiffs seek relief against Erik and Karin Frost under Section 378-2 other than sections (a)(1) & (2);

- Count Five to the extent the claim is brought against Hoku-Nui;

- Count Six to the extent the claim is brought under the ADA against Hoku-Nui;

- Count Eight to the extent the claims are <u>not</u> brought under Chapter 47 of Title 18; and

- Count Ten to the extent the claims are <u>not</u> brought under Section 1001 of Title 18.

Plaintiffs may <u>not</u> incorporate any part of the original Complaint, Dkt. No. 1, in any amended complaint they may file.   In addition, in the amended complaint, Plaintiffs must allege **<u>all</u>** claims that they seek to pursue in this case.   To the extent any claims are not alleged or re-alleged in an amended complaint, they may be deemed voluntarily dismissed.   *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

Plaintiffs may have until **October 25, 2019** to file an amended complaint to the extent allowed herein.   **The Court cautions Plaintiffs that failure to file an**

//

//

//

amended complaint by October 25, 2019 may result in the dismissal of this

case without further notice.

IT IS SO ORDERED.

Dated: September 23, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Aimee N. Greenwood, et al. v. Erik P. Frost, et al.;* Civil No. 19-00137 DKW- RT;
**ORDER (1) GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS; AND (2) DISMISSING
COMPLAINT WITH PARTIAL LEAVE TO AMEND**