IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| AIMEE N. GREENWOOD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ERIK P. FROST, *et al.*, <br><br> Defendants. | Case No. 19-cv-00137-DKW-RT <br><br> **ORDER (1) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; AND (2) DISMISSING CASE IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** |

Defendants move to dismiss all of the claims raised under federal and state law in Plaintiffs' First Amended Complaint (FAC). Dkt. No. 45. The Court agrees that Plaintiffs' federal claims, which principally concern employment-related conduct, are subject to dismissal for failure to state a claim and/or failure to first present the same to the Equal Employment Opportunity Commission (EEOC). Moreover, because the Court has already dismissed these claims with leave to amend, and Plaintiffs have failed to correct the identified deficiencies, Plaintiffs' federal claims are dismissed with prejudice. However, having dismissed Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' claims under state law, and thus dismisses those claims without prejudice.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs are Aimee Greenwood, Alan DeCoite, Kimberly Rose, Samuel Hambek, and Claire Kellerman (collectively, Plaintiffs). Defendants in the FAC are Karin and Erik Frost and Hoku Nui Maui, LLC (Hoku Nui, and, with Karin and Erik Frost, Defendants). All Plaintiffs allege they formerly worked at Hoku Nui, which appears to operate some form of farm on Maui and is owned and operated by Karin and Erik Frost.

On September 23, 2019, this Court dismissed Plaintiffs' initial Complaint with partial leave to amend (September 23 Order). Dkt. No. 28. First, the Court dismissed with prejudice (and without leave to amend) numerous claims for reasons including mootness and asserting claims against the wrong entity. Second, the Court dismissed without prejudice (and with leave to amend) numerous other claims. In doing the latter, the Court provided Plaintiffs with specific instructions on how to correct, if possible, the deficiencies in the Complaint. More specifically, among other things, the Court observed that the Complaint was "noticeably short" on factual allegations, and Plaintiffs needed to do more than simply make unordained assertions of misconduct. The Court also provided Plaintiffs with governing legal principles with respect to some of their claims, including claims of employment discrimination and hostile work

environment. Further, the Court explained that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite[]" in the Ninth Circuit, something which Plaintiffs had failed to allege with respect to their claims.

Subsequently, Plaintiffs filed the FAC. Dkt. No. 35.[1] Therein, Plaintiffs designate ten causes of action.[2] Counts One, Eight, and Twelve are brought under state law.[3] Counts Three, Five, Six, and Eleven are brought under federal law, including Title VII of the Civil Rights Act of 1964. Counts Two, Four, and Ten are brought under both state and federal law. In addition, as with the initial Complaint, attached to the FAC are various exhibits and affidavits from Plaintiffs.

On January 10, 2020, Defendants filed the instant motion to dismiss. Dkt. No. 45. Defendants argue that the FAC should be dismissed on numerous grounds, including the failure to plead claims with the required specificity and the failure to adequately exhaust administrative remedies. The motion to dismiss seeks dismissal of the FAC with prejudice.

---

[1] Plaintiffs appear to have actually filed two amended complaints, Dkt. Nos. 33 & 35. The Court, however, assesses the later-filed of the two, Dkt. No. 35, because it contains various exhibits not attached to the earlier-filed version.

[2] Although the FAC runs from Count One through Count Twelve, two counts–Counts Seven and Nine–omit any claim.

[3] In the heading of Count Eight, it states that the claim is based upon Hawai'i defamation law, among other state legal principles. The heading also includes, however, "Title VII." FAC at 19. Nothing in the allegations under the heading, though, concern Title VII. Therefore, the Court construes Count Eight as being brought solely under state law.

Plaintiffs have filed an opposition to the motion to dismiss, Dkt. No. 51, attached to which are further exhibits. Defendants have filed a reply. Dkt. No. 58. This Order now follows.

## STANDARD OF REVIEW

### I. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

A court may consider certain documents attached to a complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

**II.    Pro Se Status**

The Court liberally construes a pro se pleading. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*,

542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION[4]

Because they form the jurisdictional basis for bringing this case in a federal forum, the Court addresses Plaintiffs' federal claims first.

### A. Count Two

In Count Two, Plaintiffs allege that they each experienced a hostile work environment in violation of Title VII.[5] More specifically, Plaintiffs allege that the work environment at Hoku Nui "created undo [sic] stress," "was severe and pervasive," and "disrupted their work." Plaintiffs also allege that they worked under untenable conditions, resources were illegally appropriated, and "mismanagement" took place. Plaintiffs further allege that they were bullied, threatened, and experienced "reductionist" behavior.

As the Court explained in the September 23 Order, although Title VII prohibits discrimination, it does so only with respect to race, color, religion, sex, or national origin. *See* September 23 Order at 11 (citing 42 U.S.C. § 2000e-2(a)(1)). Thus, while Title VII prohibits a hostile work environment, *see Meritor Sav. Bank,*

---

[4]The Court sets forth the relevant alleged facts in this 'Discussion' section.
[5]Plaintiffs also allege that the work environment violated Hawaii Revised Statutes (HRS) Section 378-2.

*FSB v. Vinson*, 477 U.S. 57, 66-67 (1986), the hostility must be based upon one of the types of discrimination prohibited by the statute, *see* September 23 Order at 17-18 (citing *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004)). In Count Two, there is no evident basis for the alleged hostile work environment Plaintiffs assert occurred, not the least because no such basis is alleged. This may be due to the fact that Count Two is asserted by *all* Plaintiffs, and there is no alleged consistent trait, such as sex, between them.[6] In this light, as the Court indicated in the September 23 Order, it is not possible for this claim to proceed under a theory of *discrimination* pursuant to Title VII. *See id*. at 18. Moreover, because Plaintiffs have failed to correct the deficiencies identified in the September 23 Order, to the extent this claim is based upon Title VII, it is dismissed with prejudice.

### B. Count Three

In Count Three, it is alleged that Plaintiffs Greenwood and Rose were discriminated against on account of their sex from 2015 to 2017. More

---

[6] Near the end of the allegations related to Count Two, it is alleged that "[i]nappropriate sexual comments" were made in team meetings "throughout" 2015, 2016, and 2017. To which of the Plaintiffs this allegation relates is unclear, not the least because not all of them are of the same sex and not all of them worked from 2015 through 2017. In any event, there is no allegation in the FAC regarding whether these "sexual comments" were considered subjectively hostile, nor can the Court better assess objective hostility since the comments have not been provided. As a result, the alleged "sexual comments" do not alter the Court's decision to dismiss the Title VII claim alleged in Count Two.

specifically, it is alleged that Greenwood and Rose were "ignored and dismissed while male coworkers were granted decision-making rights." The FAC alleges that Greenwood had to "filter" her needs through a male co-worker, she was "threatened" in a team meeting, and she injured her knee while working for Hoku Nui. In addition, it is alleged that, while Erik Frost would "roll his eyes" or say nothing about requests Greenwood made, male cattle managers were always granted the same requests. The FAC alleges that Rose was "bullied" by a male farm manager about the car she drove to the farm and her children doing homework at the farm. It is also alleged that Rose was fired after a false report was made that she left work.

Defendants assert that this claim should be dismissed because Greenwood and Rose did not exhaust their administrative remedies and/or because they have failed to allege a claim of sex discrimination.

As the Court explained in the September 23 Order, the Ninth Circuit has held that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite." September 23 Order at 15 (emphasis omitted) (citing *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001)). Here, both Greenwood and Rose concede that they have not presented their claims to the EEOC at all. FAC at 11, 15. Both,

however, appear to assert that they did not present their claims to an appropriate agency because they were unaware of the need to and/or unaware of any agency's existence. *See id*. Even if the foregoing could be construed as a valid defense to the "jurisdictional prerequisite" of presentment,[7] with respect to Rose, the FAC merely asserts that, "[a]t the time" of the alleged conduct she did not realize going to the EEOC was an option. *Id*. at 15. This, though, says nothing of the intervening period, when Rose became aware of the EEOC, or what she has attempted to do to present her claims after learning of the EEOC. As a result, Rose has failed to present her claim of sexual discrimination under Title VII. *See Sommatino*, 255 F.3d at 708 ("In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, we have held that the district court does not have subject matter jurisdiction.") (citations omitted). With respect to Greenwood, the FAC asserts that she did not learn about the EEOC until she filed "this complaint." FAC at 11. Irrespective of whether "this complaint" means the initial Complaint or, less plausibly, the FAC, Greenwood still does not allege that she has presented her claim to an appropriate agency, nor does she explain the timing of her alleged first awareness of the EEOC. Thus, as with Rose, Greenwood's sex discrimination claim under Title

---

[7]Unlike statutes of limitation, jurisdictional prerequisites are not subject to tolling. *Sommatino*, 255 F.3d at 708; *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1048 (9th Cir. 2013).

VII must be dismissed. *See Sommatino*, 255 F.3d at 708. Moreover, because this previously-identified deficiency has not been corrected in the FAC, Count Three is dismissed with prejudice.

### C.   Count Four

In Count Four, it is alleged that Plaintiff DeCoite experienced sexual harassment and discrimination in violation of Title VII.[8] More specifically, it is alleged that DeCoite was falsely accused of having sex with another employee, Plaintiff Kellerman.

As the Court explained in the September 23 Order, to set forth a prima facie claim of discrimination under Title VII, an employee must allege (1) membership in a protected class, (2) adequate job performance, (3) an adverse employment action, and (4) different treatment compared to a similarly situated employee who was not a member of the protected class. September 23 Order at 13-14 (citing *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)). Here, at the very least, the FAC fails to allege that DeCoite was treated differently on account of his sex. In fact, the FAC asserts that a number of employees, both male and female, had their reputations "ruin[ed]" by stories that were made up by Erik Frost or Greg Raab, another employee at Hoku Nui. *See* FAC at 15. As a

---

[8]Count Four is also brought under HRS Section 378-2.

result, to the extent this claim relies upon Title VII, it must be dismissed with prejudice for failure to correct deficiencies identified in the September 23 Order.

### D. <u>Count Five</u>

In Count Five, it is alleged that Plaintiffs Kellerman and Rose were fired in violation of Title VII in retaliation for voicing concerns about, respectively, the need for a smoke-free workplace and the utilization of untrained dogs. The FAC also alleges that Plaintiff DeCoite was treated poorly and fired "for being clear, concise, and supportive of an ethical work environment."

As mentioned above, and discussed in the September 23 Order, a discrimination claim under Title VII must be premised upon one of the categories protected by the statute. This is no different for a retaliation claim under Title VII. 42 U.S.C. § 2000e-3(a); *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004). In the FAC, though, Kellerman, Rose, and DeCoite premise their retaliation claims on conduct that is not protected by Title VII–a smoke-free workplace, the training of dogs, and seeking an ethical work environment. Therefore, this claim must be dismissed, and, because Plaintiffs have not corrected the same, dismissal is with prejudice.

### E. <u>Count Six</u>

In Count Six, Plaintiffs Kellerman and Rose again allege that they were terminated for, respectively, requesting a smoke-free workplace and voicing concerns about untrained dogs. While this claim appears largely identical to Count Five (discussed above), Plaintiffs appear to rely not only on Title VII, but also Section 12203 of Title 42 of the U.S. Code. To the extent the claim is based upon Title VII, it is dismissed with prejudice for the same reasons just discussed. To the extent the claim relies upon Section 12203, it is also dismissed with prejudice. Section 12203 is an anti-retaliation provision found in the Americans With Disabilities Act (ADA). 42 U.S.C. § 12101 *et seq.*; *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1264 (9th Cir. 2009). No allegation in the FAC, or the initial Complaint for that matter, concerns disability. Further, in the September 23 Order, the Court explained that Plaintiffs should not cite to federal statutes with no relevance to the alleged facts of this case. *See* September 23 Order at 9-10. Because Plaintiffs have failed to follow this instruction—by citing to and relying on a disability discrimination statute when none of the Plaintiffs claim to be disabled— Count Six is dismissed with prejudice.

### F. <u>Count Ten</u>

In Count Ten, it is alleged that, between 2015 and 2016, Plaintiffs Greenwood and Rose were told to "save overtime for weeks that they worked less than 40 hours[]" and employees were told that they would not receive overtime pay, in violation of federal law.[9]  As Defendants assert in their motion to dismiss, though, these allegations do not set forth a sufficient claim.  *See* Dkt. No. 45-1 at 21.  In *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), the Ninth Circuit explained that "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."  *Id*. at 644-645.  Further, "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."  *Id*. at 645.  Here, Plaintiffs make no such allegations.  In fact, the allegations do not even state that Plaintiffs worked more than 40 hours in any given week.  At best, therefore, like in *Landers*, Plaintiffs make only generalized allegations of an overtime violation.  *See id*. at 645-646.  Moreover, because Plaintiffs were previously granted leave to

---

[9]Count Ten is also brought under state law.

13

amend this claim, *see* September 23 Order at 22, and have failed to do so in a plausible fashion, Count Ten is dismissed with prejudice to the extent it is based upon federal law.

### G. Count Eleven

In Count Eleven, it is alleged that Plaintiff DeCoite was discriminated against and/or harassed for being a military veteran in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA). More specifically, it is alleged that DeCoite was told not to call Erik Frost "Sir," Erik Frost asked DeCoite if he was an engineer because a third engineer was not needed at the farm, Erik Frost reprimanded DeCoite often, Erik Frost said that DeCoite brought "a strong military presence to this farm, and I don't like it[,]" and it was "obvious that Erik Frost did not like Alan DeCoite because he was a Veteran." FAC at 22-23.

With respect to discrimination under USERRA, an employee must allege that he has been denied a benefit of employment on the basis of his service in the military. 38 U.S.C. § 4311(a). Here, the FAC alleges no facts indicating that DeCoite was denied any employment benefit at Hoku Nui on the basis of his status as a veteran. Rather, all of the allegations in this regard are simply comments Erik Frost made to DeCoite. This fails to state a discrimination claim under USERRA.

*See Spann v. City of Los Angeles*, 2014 WL 12703994, at *3-4 (C.D. Cal. Apr. 3, 2014) (explaining that more than allegations of harassment are needed to state an independent claim for discrimination).

With respect to harassment under USERRA, the statute defines "benefit of employment" as including "the terms, conditions, or privileges of employment," 38 U.S.C. § 4303(2), which itself has been interpreted as incorporating a hostile work environment claim where used in Title VII. *See Spann*, 2014 WL 12703994, at *3 (citing *Meritor*, 477 U.S. at 66). As such, the same statutory language appears to incorporate a hostile work environment claim under USERRA. Nonetheless, Plaintiff fails to allege sufficient facts to suggest he suffered a hostile work environment due to his status as a veteran. As the Court explained in the September 23 Order, "'[i]n evaluating the objective hostility of a work environment, the factors to be considered include the frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" September 23 Order at 18 (quoting *McGinest*, 360 F.3d at 1113). Here, as an initial matter, only Erik Frost's alleged statement that he did not like DeCoite's strong military presence appears connected to Plaintiff's status as a veteran. In any event, even if the Court was to consider the totality of the

15

alleged comments from Erik Frost, at best, they are only a collection of utterances that offended DeCoite during the course of his employment. They are not actionable as a hostile work environment under federal law. *See Meritor*, 477 U.S. at 67 (explaining that uttering "an ethnic or racial epithet which engenders offensive feelings in an employee" would not violate Title VII). Moreover, because Plaintiff has not corrected the deficiencies in this claim, Count Eleven is dismissed with prejudice.

### H. State Law Claims

The remaining claims in this case are brought under state law. Those claims are Counts One, Eight, and Twelve in toto, Counts Two and Four to the extent they are brought under HRS Section 378-2, and Count Ten to the extent it is brought under state law. Because all federal claims have now been dismissed with prejudice, the Court declines to exercise supplemental jurisdiction over the state law claims identified above and alleged in the FAC, and those claims are, therefore, dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that, if federal claims are dismissed before trial, "state law claims should be dismissed as well"); *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (explaining that, when declining to exercise supplemental jurisdiction, dismissal should be without prejudice). That

being said, all state law claims that were dismissed *with* prejudice in the September 23 Order shall remain dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 45, is GRANTED IN PART to the extent this case is dismissed without further leave to amend. Specifically, all of Plaintiffs' federal claims are DISMISSED WITH PREJUDICE. All state law claims raised in the FAC are DISMISSED WITHOUT PREJUDICE to Plaintiffs asserting them in State court.

The Clerk is instructed to enter judgment in favor of Defendants pursuant to this Order and the September 23, 2019 Order (Dkt. No. 28).

IT IS SO ORDERED.

Dated: April 30, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Aimee N. Greenwood et al v. Erik P. Frost et al ;* CV 19-00137 DKW-RT
**ORDER (1) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; AND (2) DISMISSING CASE IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE**